IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KNIGHT NEWS, INC.,

        Appellant,

v.

        Case No.  5D14-2951

UNIVERSITY OF CENTRAL
FLORIDA, ETC., ET AL.,

        Appellees.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit
Court for Orange County,
Patricia A. Doherty, Judge.

Justin S. Hemlepp, of J.S. Hemlepp, P.A.,
Tampa, and Robert Rivas, of Sachs Sax
Caplan, P.L., Tallahassee, for Appellant.

Charles T. Wells and Richard E. Mitchell,
of GrayRobinson, P.A., Orlando, and
Jeffrey T. Kuntz, of GrayRobinson, P.A.,
Fort Lauderdale, for Appellees University
of Central Florida Board of Trustees and
Dr. John C. Hitt.

Carol Jean LoCicero and Mark R.
Caramanica, of Thomas & Locicero PL,
Tampa, Amicus Curiae, for the Student
Press Law Center, First Amendment
Foundation, Florida Press Association,
Reporters Committee for Freedom of the
Press, and WKMG-TV in support of
Appellant.

ON MOTION FOR REHEARING, REHEARING EN BANC, CLARIFICATION AND CERTIFICATION

EVANDER, J.

We grant in part the motion for rehearing filed by Appellant Knight News, Inc., and withdraw this Court's previous opinion dated February 5, 2016, and substitute in its place the following opinion. In light of the instant opinion, the motions for rehearing en banc, clarification, and certification are denied.

Knight News, Inc. ("KNI") appeals from adverse orders entered on sixteen counts of its seventeen-count complaint filed against the University of Central Florida Board of Trustees and the university's president, Dr. John C. Hitt (collectively referred to hereinafter as "UCF").[1]

In its complaint, KNI sought declaratory, injunctive, and mandamus relief to remedy UCF's purported failure to comply with several public records requests filed by KNI and UCF's refusal to open certain student conduct board hearings to the public. We conclude that the trial court erred in failing to require UCF to "unredact" the names of student government officers alleged to have engaged in misconduct as set forth in certain "impeachment affidavits," but affirm the trial court's orders in all other respects. We write only to address UCF's obligation to produce records that would identify students who were the subject of allegations of hazing misconduct or students who were the subject of allegations of misconduct related to their performance, election, and/or appointment as student government officers.

_____

[1] UCF did not file a cross-appeal with regard to the single count in which the trial court ruled in KNI's favor.

Section 1006.52(1), Florida Statutes (2012), creates an exemption to Florida's Public Records Law, found in Chapter 119, Florida Statutes (2012), for students' "education records," which states in pertinent part:

> A student's education records, as defined in the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. s. 1232g, and the federal regulations issued pursuant thereto, . . . are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.

§ 1006.52(1), Fla. Stat. (2012). FERPA defines "education records" as "those records, files, documents, and other materials which--(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). FERPA applies to all schools that receive federal funds and is intended, inter alia, to limit the dissemination of a student's education records without the student's consent. By its terms, FERPA does not prohibit the disclosure of any education records. It does, however, act to deprive an educational institution of its eligibility for federal funding if its policies or practices "run afoul of the rights of access and privacy protected by the law." *NCAA v. Associated Press*, 18 So. 3d 1201, 1210 (Fla. 1st DCA 2009).

In addition to protecting "education records," FERPA also works to protect any personally identifiable information contained in an "education record" from improper disclosure. *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 856 (Fla. 1st DCA 2013); *see also* 20 U.S.C. § 1232g(b)(1) ("No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph

3

(5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to [enumerated exceptions].").

We agree with the Sixth Circuit Court of Appeals' conclusion in *United States v. Miami University*, 294 F.3d 797, 812 (6th Cir. 2002), that student disciplinary records are "education records" subject to the protections afforded under FERPA. As observed in *Miami University*, FERPA permits the release of certain student disciplinary records and information where the alleged misconduct constitutes a crime of violence or a non-forcible sex offense. 294 F.3d at 812. Here, we conclude that the personally identifiable information contained within documents regarding alleged hazing incidents qualified as student disciplinary records. Because there was no suggestion that the non-disclosed information fell within one of the aforestated exceptions, the trial court properly denied KNI's request for that information.

However, we conclude that the names of student government officers charged with malfeasance in the performance of student government duties or alleged to have engaged in misconduct with regard to their election or appointment to their position, do not qualify as protected "personally identifiable information" under FERPA because student government officers have implicitly consented to the dissemination of that information given Florida's statutory scheme concerning university student governments. Section 1004.26, Florida Statutes (2012),[2] provides that a university

---

[2] **1004.26 University student government–**

    (1) A student government is created on the main campus of each state university. In addition, each university board of trustees may establish a student government on any branch

4

campus or center. Each student government is a part of the university at which it is established.

(2) Each student government shall be organized and maintained by students and shall be composed of at least a student body president, a student legislative body, and a student judiciary. The student body president and the student legislative body shall be elected by the student body; however, interim vacancies and the student judiciary may be filled in a manner other than election as prescribed by the internal procedures of the student government.

(3) Each student government shall adopt internal procedures governing:

(a)The operation and administration of the student government.

(b)The execution of all other duties as prescribed to the student government by law.

(4)(a)The qualifications, elections, and returns, the appointments, and the suspension, removal, and discipline of officers of the student government shall be determined by the student government as prescribed by its internal procedures.

(b) Any elected or appointed officer of the student government may be removed from office by the majority vote of students participating in a referendum held under this paragraph. Each student government shall adopt internal procedures by which students may petition for a referendum to remove from office an elected or appointed officer of the student government. The grounds for removal of a student government officer by petition must be expressly contained in the petition and are limited to the following: malfeasance, misfeasance, neglect of duty, incompetence, permanent inability to perform official duties, or conviction of a felony. The referendum must be held no later than 60 days after the filing of the petition.

(c) Each student government shall adopt internal procedures providing for the suspension and removal of an elected or appointed student government officer following the conviction of that officer of a felony.

student government is required to adopt internal procedures governing "[t]he qualifications, elections, and returns, the appointments, and the suspension, removal, and discipline of officers of the student government[.]" § 1004.26(4)(a), Fla. Stat. (2012). Furthermore, section 1004.26(4)(b) authorizes the removal of student government officers for malfeasance and other enumerated causes by majority vote of students participating in a referendum held pursuant to the requirements set forth in the statute. Accordingly, under this statutory scheme, student government officers know or reasonably should know (given their voluntary decision to seek election or appointment as a student government officer) that they may be disciplined for misconduct in the performance of their student government duties or alleged misconduct related to their election or appointment, either by referendum vote of the university's students or by vote of other student government officers in a public meeting.[3] We hold, therefore, that such information concerning misconduct by student government officers is not protected from disclosure under FERPA.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

LAWSON, C.J. and EDWARDS, J., concur.

---

(5) There shall be no cause of action against a state university for the actions or decisions of the student government of that state university unless the action or decision is made final by the state university and constitutes a violation of state or federal law.

[3] *See* Univ. of Cent. Fla. Student Body Stat. § 1201.1 ("Student Government meetings are public meetings that must be held in compliance with the provisions of the Sunshine Law and Florida Statutes.").